SHORES, Justice.
Hopkins was, at all times material to this appeal, the Circuit Clerk of Macon County, which office at that time was on the “fee” system.
Hopkins filed suit to collect from the county commission $16,476.60 which he had paid to his employees, but which he contended the county commission had agreed to reimburse under the provisions of Act No. 20, Second Special Session 1975, page 133, approved March 10, 1975:
“AN ACT
“Relating to Macon County: Authorizing the county commission or other like governing body of Macon County to hire, retroactive at its discretion, up to four deputy circuit court clerks; and prescribing the qualifications and salary limitation on said clerks.

“Be It Enacted by the Legislature of Alabama:

“Section 1. The County Commission or other like governing body of Macon County may hire, retroactive at its discretion to October 1, 1973, four deputy circuit clerks for the circuit court of Macon County. Such clerks shall serve under the direct supervision of the circuit clerk of Macon County. Salaries for said clerks shall be set by said commission at not more than $8,000 annually and shall be commensurate with the qualifications and experience of said clerks. Such annual salaries shall be paid in equal monthly payments from the county general fund.”
After this act was passed by the legislature, the county paid two of Hopkins’ employees and those employees, in turn, paid the money to Hopkins. When Hopkins sought to have other sums paid directly to him rather than to his employees, the county commissioners questioned their authority to do so, because the county attorney had advised the commissioners that the statute was unconstitutional.
When this suit was filed, the county commission filed an answer denying that it was liable to Hopkins and sought a declaration that Act No. 20 was unconstitutional. The county also filed a counterclaim seeking some $5,300 due from Hopkins under the terms of an indemnity agreement between him and the county whereby Hopkins agreed to reimburse the county for any sums which it might be required to refund to the LEPA under a grant to be administered by Hopkins.
The county commission moved for summary judgment on the complaint and counterclaim. The court granted both and Hopkins appealed. We affirm.
The trial court held Act No. 20 unconstitutional and granted summary judgment in favor of the county on the complaint. Act No. 20 is clearly unconstitutional and Hopkins essentially concedes that it is. Section 68 of the Constitution of Alabama of 1901 forbids such legislation:
“The legislature shall have no power to grant or to authorize or require any county or municipal authority to grant, nor shall any county or municipal authority have power to grant any extra compensation, fee, or allowance to any public officer, servant, or employe, agent or contractor, after service shall have been rendered or contract made, nor to increase or decrease the fees and compensation of such officers during their terms of office; nor shall any officer of the state bind the state to the payment of any sum of money but by authority of law; provided this section shall not apply to allowances made by commissioners’ courts or boards of revenue to county officers for ex offi-cio services, nor prevent the legislature from increasing or diminishing at any time the allowance to sheriffs or other officers for feeding, transferring, or guarding prisoners.”
See also Belcher v. McKinney, 333 So.2d 136 (1976). The issue presented is purely one of law and no fact issue is involved. We, *MXLVI therefore, affirm the granting of summary judgment on the complaint.
The trial court also granted summary judgment on the counterclaim in favor of the county based upon the pleadings and the deposition of Hopkins. This was proper only if no genuine issue of fact is presented. Hopkins claims that his deposition indicates that there is a genuine issue of fact as to whether he is liable to the county under the indemnity agreement, although he admits that it provides that he will indemnify the county against all claims that LEPA may make as a result of his improperly using the grant funds.
The audit conducted by the LEPA shows that it has been determined that the county owes LEPA some $5,300. The only response Hopkins makes to this is that the audit is inaccurate and unfair and he denies that any of the grant money was misspent, although he concedes that if it were, he could be liable to the county under the indemnity agreement. He said that he had appeared before the LEPA contesting the fairness of the audit, but was not successful. He “thought” he had asked for an appeal.
Basically, Mr. Hopkins denies the accuracy of the claim by the LEPA based upon the audit. The audit clearly shows, however, that LEPA claimed of the county $5,300 refund for money not authorized under the grant. This amounts to a collateral attack on the audit and does not challenge the fact that LEPA claims that amount against the county. Thus, under the express terms of the indemnity agreement, he is liable to the county in this amount; and, there being no material question of fact on this issue, the trial court correctly granted summary judgment in favor of the county.
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and BEATTY, JJ., concur.